TUTER, JACK, Associate Judge,
concurring specially.
I wholeheartedly agree with Judge Warner’s reasoned analysis regarding the admission of the expert testimony from the defense expert in this ease and write to concur in the motion in limine/preservation of error issues. More than a year-and-a-half prior to trial, plaintiff scheduled a hearing on a forty-five category motion in limine. At the time the motion was heard, pre-trial discovery was ongoing, medical expert depositions had not been completed, and a compulsory medical examination of plaintiff had neither been sought nor completed. Despite all of these pending matters, the predecessor trial judge ruled on the motion and granted plaintiffs request to exclude proposed and undeveloped defense testimony that plaintiff underwent unnecessary surgeries.
However, by the time the case went to trial, a successor judge was presiding over the matter and was left with these early and out-of-context motion in limine rulings. The successor judge rightly revisited the rulings and advised the parties to make contemporaneous evidentiary objections based on her unfamiliarity with the case. Thus, there was no definitive pre-trial ruling on the admissibility of the challenged testimony, and plaintiff was required to voice a contemporaneous objection to the testimony in order to preserve the issue for appeal. Compare Philip Morris USA, Inc. v. Tullo, 121 So.3d 595, 601 (Fla. 4th DCA 2013) (contemporaneous objection required to preserve evidentiary issue for appeal when trial court does not make a definitive pre-trial ruling), with § 90.104(l)(b), Fla. Stat. (2010) (providing in relevant part that when a “court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection ... to preserve a claim of error for appeal.”). Plaintiffs failure to make any such objection precludes our consideration of his argument on appeal.
This scenario should serve as a cautionary tale. Motions in limine should never be used by litigants simply to get a “feel” for how the trial judge may view the evidence that will develop over the course of a trial. A significant number of motions in limine are not true motions in limine, but are simply an effort to engage in dialogue with the trial judge as to how he or she may view the evidence which will be offered at trial. Unfortunately, this puts the *50 trial judge at a disadvantage, as the evidence ruled on is often not fully developed and cannot be considered in the context of the entire case. It is also problematic that such rulings may be passed to successor judges who are then confronted with either blindly accepting the rulings or abandoning them. Venturing into the motion in limine foray too far in advance of trial or without the matter constituting a true motion in limine is fraught with peril for both litigants and the trial court.